**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JERRY ODOM, #23315** **PETITIONER**

**v.** **CIVIL NO. 1:25-cv-366-TBM-LGI**

**BRAND HUFFMAN, ET AL.** **RESPONDENTS**

## ORDER OF DISMISSAL

This matter is before the Court, sua sponte, for consideration of dismissal. After reviewing Petitioner's filings, along with relevant legal authority, the Court concludes that this habeas corpus case should be dismissed.

## I. BACKGROUND

Pro se Petitioner Jerry Odom is an inmate of the Mississippi Department of Corrections incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. Odom is serving a ten-year term of imprisonment imposed by the Circuit Court of Jones County, Mississippi for possessing a firearm as a convicted felon. [10] at 1.

Odom filed a Complaint under 42 U.S.C. § 1983 seeking monetary damages and release from incarceration, *Odom v. Huffman*, 1:25-cv-139-BWR. Since release from incarceration can be obtained only via habeas corpus, this civil action was opened for Odom to pursue a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Order Severing Habeas Claims [1].

Since the Court only had Odom's § 1983 Complaint [2] and no habeas petition to consider, the Court entered an Order [4] directing Odom to file a Petition that complies with Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts* by completing habeas corpus forms. Odom filed his habeas Petition [5] on forms, naming no Respondent and failing to state any

ground challenging the validity of his conviction or sentence. Instead, Odom repeated conditions-of-confinement claims from his pending § 1983 civil action, *Odom v. Huffman*, 1:25-cv-139-BWR.

The Court provided Odom with one additional opportunity to assert habeas grounds. On March 2, 2026, the Court entered an Order [7] advising Odom that if he is seeking his release from incarceration because his conviction and/or sentence are unconstitutional, such relief must be pursued in this habeas corpus action. The Order [7] provided Odom with "one opportunity to correct his deficient habeas corpus petition" or in the alternative, Odom may file a Notice of Voluntary Dismissal if he does not wish to pursue this separate habeas corpus case. [7] at 1.

After two show cause orders were entered, Odom filed a second habeas Petition [10] on forms, asserting the following grounds for relief: (1) he experienced cruel and unusual punishment in violation of the Eighth Amendment because his finger was cut using faulty equipment; (2) his due process rights were violated by "not having right counsel from a lawyer" for his injury; (3) medical malpractice was committed because he did not receive the "right medication" and "off-site doctor" visits causing him to live in pain; and (4) "PTSD/disability." [10] at 5–10. Once again, Odom fails to state any ground challenging the validity of his conviction or sentence.

## II. DISCUSSION

"A federal court may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted). Habeas corpus "is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir.

2021) (citing *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)).

In *Rice*, an inmate sought release from incarceration in a habeas corpus petition arguing his existing health problems, including asthma and hypertension, put him at a higher risk of contracting COVID-19 and "jail conditions make it exceedingly difficulty, if not impossible, to practice proper hygiene and social distancing." *Id.* at 1069. The Fifth Circuit found that Rice failed to state a claim for habeas corpus relief because the "Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Id.* at 1070 ("Rice seeks an extension of federal habeas corpus law that this court is not authorized to grant."). The Court noted the distinction between habeas corpus relief and § 1983 actions, reiterating that if a "if a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, . . . the proper vehicle is a § 1983 suit." *Id.* (internal quotation marks omitted). As noted above, Odom is presently pursuing a civil-rights Complaint under § 1983 about the conditions-of-his confinement, including medical care related to his hand injury. *See Odom v. Huffman*, 1:25-cv-139-BWR.

In this habeas Petition, Odom does not challenge the validity of his felon-in-possession of a firearm conviction or the lawfulness of his 10-year sentence. Nor does he argue that his state conviction or sentence was obtained by unconstitutional means or in violation of federal law. All of Odom's allegations relate to the conditions of his confinement and medical care for his hand injury. None of Odom's grounds "impugn the underlying legal basis for the fact or duration of his confinement" as necessary to state a claim for habeas corpus relief. *Rice*, 985 F.3d at 1070; *Nogales v. Dep't of Homeland Security*, No. 21-10236, 2022 WL 851738, at *1 (5th Cir. Mar. 22, 2022) (affirming dismissal of habeas petition seeking release based on conditions of confinement because

inmate is not challenging the "fact" of his confinement); *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (finding inmate's claims of exposure to asbestos, lack of proper medical treatment, retaliation and loss of legal notes were not cognizable as a habeas petition); *Botero v. Withers*, No. 3:21-cv-110-CWR-LGI, 2021 WL 2456584, at *2 (S.D. Miss. 2021) (sua sponte dismissing inmate's habeas petition seeking release based on conditions of confinement); *Francois v. Garcia*, 509 F. Supp. 3d 668, 674 (S.D. Tex. 2020) (dismissing habeas petition seeking release based on conditions of confinement finding, "[i]f a challenge to the 'fact' of detention merely required that a detainee claim some circumstance of their detention was unconstitutional or illegal, any condition of confinement claim would be cognizable under habeas"). In other words, if Odom is successful on his conditions-of-confinement claims and proves the allegations related to his hand injury, it does not invalidate his lawful term of imprisonment or entitle him to an earlier release from custody. *See Lineberry v. United States*, 380 F. App'x 452, 453 (5th Cir. 2010) (concluding prisoner's cruel and unusual punishment claim, even if proven true, was not cognizable as a habeas petition).

In summary, Odom does not attack the legal basis for the fact or duration of his confinement and habeas corpus "is not available to review questions unrelated to the *cause* of detention." *Pierre*, 525 F.2d at 935–36 (emphasis added). Because Odom's Petition fails to state a viable ground for federal habeas corpus relief, this case should be dismissed.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, pro se Petitioner Jerry Odom's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment will be entered in accordance with this

Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 29th day of October, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE